Good morning, your honors. Gerald Burns for the petitioner, Fabian Cruz-Hernandez. First of all, I'd like to say it's an honor to be here this morning. This is a very, very complicated and heady immigration matter, perhaps demonstrated by the fact that the government failed or decided for other reasons not to brief any of the issues other than to ask for a remand on the issue of whether or not an in absentia order should have been issued in this case. If we agree with you that an in absentia order should have been issued, is that the end of this then? Then we remand? Or what remedy are you looking for? We're asking this Court to issue instructions on all the issues presented. Number one But most of the issues, all of them actually, appear to deal with the hearing the way it occurred. If there's another hearing, then they're all not pertinent anymore. Well, unless the Court instructs otherwise, and if it instructs on the sole issue of in absentia, then it leaves open the issue of whether or not a conviction under the Arizona statute for facilitation to illegally conduct an enterprise is a drug offense or a drug trafficking offense. It leaves open the standard of or the issue of whether or not the immigration judge correctly decided the reason to believe that my client was a drug trafficker. This is my concern about the case. It's really narrow. And that is, do we remand to BIA just generally, or do we remand with specific instructions to hold a new hearing? And let's say we did the second. If we did the second, doesn't all your issues go by the board, including the one about the conviction? Because the standard isn't really about a conviction. It's about whether they had reasonable reason to believe that he was involved in drug traffic, and there would be a hearing about that. So if we knew there was going to be a new hearing, wouldn't that be the end of it? If we knew there was going to be a new hearing, as long as all of the issues were preserved and placed back to the immigration judge at some point for renewal. Well, your argument, as I understand it, or at least one of them, was that your client didn't get an opportunity to testify. And had the client been able to testify, then additional information would have come in which would have potentially could have changed the IJ's determination about the reason to believe. And so it would seem that if the case went back for a new hearing, then that issue would be obviated. Well, we agree with you, Your Honor. That issue, the Petitioner should have been offered an opportunity to rebut the testimony of Agent Flood from the DEA. He should have been able to present himself to the immigration judge to establish credibility, to provide whatever testimony. Well, if we send it back, he's going to have all those chances. I'm sorry, Your Honor. If we send it back, he's going to have all those chances. You don't need anything more. If you send it back, we would like those chances. Absolutely. So the only reason I thought there was even a reason to argue in this case is that I sort of gleaned from the government's brief that they don't regard an order, a remand with an order to have a hearing is what we are authorized to do. They just want us to remand and let the BIA do whatever they want, which might include not having a hearing. Is that your understanding of their position? That's my understanding. What they're wanting to do is do an end run around the substantive legal issues of the case, facilitation, whether or not that's a drug offense, the reason to believe standard. The government shouldn't be allowed to remand back for a second bite at the apple on prejudiced. Is it plainly clear? Did you directly raise the in absentia issue or whomever it was to the BIA? Yes, we did. They didn't address it, but it was clearly raised. Clearly raised. And, you know, the government's brief and then their motion to remand, you know, which we responded to, you know, their use of the Gonzalez case, the Ventura case, those are cases involving where the agency, the board did not have a chance to address the case in the first instance. In this case, the board addressed it twice. They addressed it on direct appeal. They addressed it on through a motion to reopen. You know, one was summarily, you know, addressed in an affirmance without an opinion. The other one was just rejected. They shouldn't get another bite at the apple. It's already been addressed by the board. It would be inappropriate. So you would be perfectly happy if we just wrote an order saying remand to the BIA with instructions to remand to the IJ for a new hearing? You know, we could do that, Your Honor. But, however, we believe it's incumbent upon the court to look at the fact that facilitation as it was presented at the proceedings was not a drug trafficking offense. Facilitation, they shouldn't get another crack at that. They should not get another crack at the reason to believe. It should be back with specific instructions. Well, why not? I mean, that's what you get for an in absentia hearing is a new hearing. You don't get – you don't win. Well, it shouldn't be remanded back just because it was an in – you know, whether or not it was an in absentia hearing. That issue – you know, the judge had control over his courtroom. He allowed – and he allowed the Respondent not to be there. He waived his presence throughout the proceedings. Now, there was that four-day span where I believe the immigration judge kind of pushed the panic button and said, I'm calling you guys back here in four days. We're going to do a merits hearing. But I don't understand. In an ordinary case in which you – I mean, you seem to want it both ways. When there is an in absentia decision, what you get is reopening, meaning starting over. Right? And that's what you're asking for. You're going to start over. Start over, but with instructions on facilitation, the Arizona offense of facilitation. But I don't understand that, because it's not – the provision does not depend on the conviction. It depends on this reason-to-believe language. And that's also a factual issue. That's true, Your Honor. But the evidence that was provided at the time of the hearing was an indictment that did not have a – We understand that. But you can have a new hearing. Okay. Well, I guess we'll just have to agree to disagree. We would ask the Court – and, you know, I'll provide a summary at this point. We would ask the Court to consider the fact that very substantive legal issues were raised throughout proceedings. It doesn't stand to reason to send it back on the sole issue of in absentia to allow the government to try to do a better job at removing my client. If you send – you know, they had a bite at the apple. Isn't that what you get when you get a motion to reopen on an in absentia order? Well, yes, but if the Court grants the in absentia issue but remands on – with specific instructions related to whether or not facilitation is a drug trafficking offense, which it is not. The statute only contemplates conspiracy and attempt, not facilitation or solicitation under Coronado v. DeRazzo. Do you agree that that wasn't relevant? Judge Berzon just asked you that question. It's not the decision under the statute. It's whether you have reason to believe, not whether it's not a determination as to whether he committed the offense. Well, there's two issues of inadmissibility here. One is reason to believe, and the other is whether or not facilitation – it's – I'm sorry, Your Honor. It's INA 212A2AI, whether or not a conviction is related to a drug offense. And that was a separate ground? That's a separate ground. All right. Well, that's the first thing you said that makes sense to me. So therefore, you're saying that there is a pure legal issue here as to that. So the immigration judge, one of the grounds for finding removability was that he had been convicted of an offense? Is that what you're saying? Of an offense facilitation. Yes. Which we argue is not a drug trafficking offense, because it does – in the plain language of the statute, it only contemplates conspiracy and attempt, not facilitation. Okay. Do I reserve your time? Thank you. That was useful as it turned out. Thank you. Thank you. I apologize. I do want to reserve additional time for rebuttal if necessary. Yes. I think it's time. Good morning, Your Honors. May it please the Court. Sherry Glazer appearing on behalf of the Attorney General. Your Honors, in this case, the immigration judge made a material error of fact when he made the explicit decision not to enter an in absentia removal order in this case, when the petitioner was not present at his removal hearing, and there's no evidence in the record that he agreed that the proceedings be conducted in his absence. May I ask you to speak a little more slowly and a little more loudly, please? Sure. In this case, the immigration judge, in making the explicit decision not to issue an in absentia removal order, he, even though the petitioner was not at his removal hearing and there's no evidence in the record that he waived his presence at this removal hearing, the government requests that this Court remand the case and dismiss the petition for review. Okay. So there are two questions, it seems to me. One is, you seem to be arguing that we should just remand it to the Board to consider whether to grant the in absentia, to treat it as an in absentia order and do whatever it wants after that. Why don't we simply determine for, since this issue was raised to the Board, why don't we simply decide that there should have been treated as an in absentia order and he should have a new hearing and just remand for that? Well, if it's remanded to the Board, I, you know, I think it's pretty clear in this case that the immigration judge did make a material error of law and then one of two things will happen if the Board remands this case. Either the immigration judge will simply issue an in absentia order and then the petitioner has the opportunity to file a motion to, to reopen on his. That seems pointless. Or the immigration judge could hold a completely new hearing and then. Would you have any problem if we just ordered that, just remand to the BIA with a direction that he's treated as an in absentia order, grants a motion to reopen and remand to the IJ for a new hearing? No, I have no problem with that. Okay. That, that was the only problem I had with your, with your request is that you seem to be hedging on, on, by citing Ventura and this to me is not a Ventura situation. Okay. But no, I mean, you know, the government's sole issue in this case is that the immigration judge made a material error of law in not ordering him removed in absentia and that's. And then the second issue is, is your opponent correct that there were actually two grounds for removal and that one of them is purely legal? And if so, should we reach it? You know, we didn't brief the legal issues in this case and the only issue that we're raising is the remand. Well, I understand that, but that doesn't mean that you have, that you were right to do that. I mean, if he's raising an issue and you haven't responded to it, that's your problem. But what, what is the answer to it? Could you repeat the question, please? Yes. Is there a separate ground for removal other than the reason to believe that the facilitation offense was a conviction for a related to a, for a drug, offense related to a drug or whatever that language is, such that that issue is a purely legal issue that we could and should address now? I would have to look into that further, to be honest with you. I don't have an answer for you today. I see. But if there are no further questions. Okay. Thank you. Thank you. You have about a minute or so. Your Honor, as was stated prior, the government did not address any of the substantive legal issues in this case. They did not brief them. I just want to read this question about the conviction. Looking at the I.J. opinion, I don't see that it may have been alleged, but it doesn't look like he found it. Could you point me in the record to where the I.J. had more than the reason to believe ground? I'm sorry, Your Honor. Could you point me in the record where the I.J. decided removability not based solely on reason to believe, but based on an alternative ground as well? I believe it's at the very end of the transcript. It is page 117 of the administrative record, Your Honor. It's the quote, I don't believe that any testimony from your client would have made any difference in this case, given the fact that the record was complete and any question about the nature of the criminal enterprise was clarified. When they're talking about the nature of the criminal enterprise, he is directly addressing the conviction for facilitation to illegally conduct an enterprise. So he is referring directly to that statute. But was that a basis for the determination of removability, or was he just speaking about what it was that the government, the AG, had reason to believe? I think that's a very good point. And, again, it points to just how much of a procedural train wreck this was. Four days before the final hearing, the immigration or, I'm sorry, the Immigration Service, DHS, raised reason to believe, provided an indictment without the, without my client's name on it, and then it all just kind of spiraled down from there. So reason to believe was addressed four days prior to the final hearing. The government did not even amend the charging document. And I think that goes to the ineffective assistance of counsel, which we haven't spent a lot of time on. And I know that I'm running short on time. But the ---- Could you go back? I'm trying to find the part that you were just quoting. You said it was 117 of the transcript. 117. It looks like page 61 of the transcript. The transcript of the actual hearing. I guess I just don't have that. Okay. But that wasn't ---- because the hearing is, as far as I can tell, is on pages ---- ends on page 179 and 80. So that's 181. That's why I'm not finding it. But I'll look. All right. Thank you very much. Thank you for your argument. Thank you. The case of Cruz-Hernandez v. Holder is submitted.
judges: Noonan, Berzon, Ikuta